Mark L. Javitch (CA SBN 323729)
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 648-0705
mark@javitchlawoffice.com
*Attorney for Plaintiff*
and those similarly situated

UNITED STATES DISTRICT COURT

DISTRICT OF NEBRASKA

| | |
|---|---|
| TERRENCE SHANAHAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY GLOVER, an individual, and JOHN DOE, an unknown business entity,<br><br>Defendants. | Case No.:  8:22-cv-00280<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1.      Plaintiff TERRENCE SHANAHAN ("Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant JEFFREY GLOVER, an individual, ("Jeffrey Glover") and Defendant JOHN DOE, an unknown business entity ("John Doe" or together "Defendants") to stop their illegal practice of making unauthorized calls that play prerecorded voice messages to cellular and residential telephones, and to obtain redress for all persons injured by their conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

**NATURE OF THE ACTION**

2.      Defendant Jeffrey Glover sells training and coaching seminars in the real estate industry. As a primary part of his marketing efforts, Mr. Glover and his agent placed thousands of phone calls employing a prerecorded voice message.

3.      Unfortunately, Defendants did not obtain consent prior to placing phone calls that play a prerecorded voice, and therefore, are in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

4.      Congress enacted the TCPA in 1991 to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*.  Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally.  *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

5.      The TCPA targets unauthorized calls exactly like the ones alleged in this case, based on Defendants' use of technological equipment to spam consumers with its advertising on a grand scale.

6.      By placing the calls at issue, Defendants violated the privacy and statutory rights of Plaintiff and the Class.

7.      Plaintiff therefore seeks an injunction requiring Defendants to stop their using these tactics, as well as an award of actual and statutory fines to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

8.      Plaintiff TERRENCE SHANAHAN is a natural person and is a citizen of Omaha, Nebraska.

9.      Defendant JEFFREY GLOVER is an individual residing in Michigan.

10.      Defendant JOHN DOE is an unknown business entity.

**JURISDICTION AND VENUE**

11.     This Court has federal subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, which is a federal statute.

12.     This Court has personal jurisdiction over Defendants because they purposefully directed their prerecorded voice phone calls towards residents of Nebraska.

13.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the wrongful injury giving rise to this case was incurred here in this District.

**COMMON FACTUAL ALLEGATIONS**

14.     Defendant Jeffrey Glover sells coaching and seminars in the real estate industry.

15.     To increase Mr. Glover's sales of tickets to his seminars, Mr. Glover and/or John Doe called and played prerecorded voice messages to thousands of phone numbers at a time.

16.     When the Class members answered their phones or listened to their messages expecting to hear from a real person, Defendants pulled a bait and switch by playing a prerecorded voice message.

17.     Unfortunately, Defendants failed to satisfy the TCPA's obligations by obtaining consent from Plaintiff and the Class before bombarding their phones with these illegal tactics.

**FACTS SPECIFIC TO PLAINTIFF**

18.     On May 19, 2022, Plaintiff received a call on his cell phone ending in 1146 at 9:46 a.m.

19.     When Plaintiff checked his message, Plaintiff heard a prerecorded voice message from Mr. Glover.

20.     The message was Mr. Glover inviting the recipient to purchase tickets to his upcoming real estate training seminar at the Marriott in downtown Omaha, Nebraska.

21.     Plaintiff never consented to receive calls from Defendants. Plaintiff had no relationship with Defendants and never requested Defendants contact him in any manner.

22.     Defendants' call violated Plaintiff's statutory rights and caused actual damages.

23.     In addition to causing statutory damages, this illegal call caused annoyance, intrusion on privacy and seclusion, drain of cell phone battery, and wasted time to Plaintiff.

## CLASS ALLEGATIONS

24.     **Class Definition**: Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of Plaintiff and a class defined as follows:

> **TCPA Class**.  All persons in the United States who: (1) from the last 4 years to present (2) received at least one telephone call; (3) on his or her cellular or residential telephone; (4) that was called and/or played an artificial or prerecorded voice message; (5) for the purpose of selling Defendants' products and/or services; (6) where Defendants did not have any record of prior express written consent to place such call at the time it was made.

25.     The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

26.     **Numerosity**: The exact number of the Class members is unknown and not available to Plaintiff, but it is clear that individual joinder is impracticable. On information and belief, Defendants placed telephone calls to thousands of consumers who fall into the definition of the Class. Members of the Class can be identified through Defendants' records.

27.     **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendants' uniform wrongful conduct and unsolicited telephone calls.

28.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff's claims are made in a representative capacity on behalf of the other members of the Class. Plaintiff has no interests antagonistic to the interests of the other members of the proposed Class and is subject to no unique defenses. Plaintiff has retained competent counsel to prosecute the case on behalf of Plaintiff and the proposed Class.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to do so.

29.     **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendants have acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendants' practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinge on Defendants' conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

30.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

i.      Whether Defendants placed calls to Plaintiff and the class that used an artificial or prerecorded voice;

ii.     Whether Defendants obtained express written consent prior to calling Plaintiff and the members of the Class;

iii.    Whether Defendants maintain a written telemarketing policy;

iv.     Whether Defendants' conduct was *willing* and/or *knowing*;

v.   Whether the Court should treble damages based on the knowingness or willfulness of Defendants' conduct.

31.   **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy as joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

### FIRST CAUSE OF ACTION
Violation of 47 U.S.C. § 227(b)
Telephone Consumer Protection Act
Against all Defendants
**(On behalf of Plaintiff and the Class)**

32.   Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33.   Defendants placed telephone calls to Plaintiff's and the Class members' telephones without having their prior express written consent to do so.

34.   Defendants' calls were made for a commercial purpose.

35.   Defendants played a prerecorded voice message to the cellular and residential phones of Plaintiff and the Class members as proscribed by 47 U.S.C. § 227(b)(1)(A)(iii) and (B).

36.    As a result of its unlawful conduct, Defendants repeatedly invaded Plaintiff's and the Class's personal privacy, causing them to suffer damages and, under 47 U.S.C. § 227(b)(3)(B), entitling them to recover $500 in civil fines for each violation and an injunction requiring Defendants to stop their illegal calling campaign.

37.    Defendants made the violating calls "*willfully*" and/or "*knowingly*" under 47 U.S.C. § 227(b)(3)(C).

38.    Defendants *willfully* and/or *knowingly* violated this subsection such that Plaintiff requests the Court treble the civil fine from $500 to $1500 per violation under 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
**Violation of § 64.1200(d)(1)**
**Failure to Maintain Written Telemarketing Policy**
**(On behalf of Plaintiff and the Class)**

39.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40.    47 CFR 64.1200(d)(1) requires that Defendants have a written telemarketing policy

41.    Defendants failed to maintain one, resulting in damage to Plaintiff and the Class.

42.    Plaintiff is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B).

43.    Plaintiff is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

44.    Plaintiff also seeks a permanent injunction requiring Defendants to maintain a written telemarketing policy.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff TERRENCE SHANAHAN, individually and on behalf of the Class, prays for the following relief:

A.     An order certifying the Classes as defined above, appointing Plaintiff TERRENCE SHANAHAN as representative and appointing his counsel as Class Counsel;

B.     An order declaring that Defendants' actions, as set out above, violate 227(b) of the TCPA;

C.     An order declaring that Defendants' actions, as set out above, violate the TCPA *willfully* and *knowingly*;

D.     An injunction requiring Defendants to cease initiating prerecorded voice phone calls without first obtaining the call recipients' express written consent to receive such calls, and otherwise protecting interests of the Class;

E.     An award of actual and/or statutory damages and penalties;

F.     An award of costs; and

G.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: August 3, 2022            Respectfully submitted,

By: /s/ Mark L. Javitch

Mark L. Javitch (California 323729)
JAVITCH LAW OFFICE
3 East 3rd Ave. Ste. 200
San Mateo CA 94401
Tel: (650) 781-8000
Fax: (650) 648-0705

*Attorney for Plaintiff*
*and the Putative Class*